McKinney, J.
delivered the opinion of the court.
The plaintiff in error was indicted jointly with one Tennessee Anderson, and convicted in the Circuit Court of Greene county, at the October term, 1847, for interrupting a worshipping assembly, and for his offence the jury, in their verdict, assessed a fine of one hundred dollars against him. A motion was made for a new trial, which the court overruled and rendered judgment on the verdict, from which an appeal is prosecuted to this court. The indictment contains two counts, the first of which is upon the Act of 1833, ch. 90. It charges, in substance, that the plaintiff in error and said Anderson, on the 30th day of Augus,t 1846, did unlawfully sell bread within one mile of a worshipping *68 assembly of Methodists, assembled together and holding a camp meeting at Carter’s Station, in said county, so as to interrupt said worshipping assembly, &c. The second count is upon the Act of 1824, ch. 3, sec, 3, and charges that the persons above named, at the time and place aforesaid, did sell bread on the Sabbath day, within view of said worshipping assembly, &c.
The evidence submitted to the jury on the trial is set forth in the bill of exceptions, the charge of the court is admitted to have been correct, and is not therefore set out in the record, and the only question made in argument is, whether the evidence is sufficient to support the verdict. No less than twelve witnesses were examined in behalf of the State, between whose testimony there is a' substantial concurrence, and there is no opposing evidence. The proof shows that West and said Tennessee Anderson, (a female who lived in his family) went upon the camp ground on Saturday of the meeting and remained there until the following Monday. They had a wagon which was stationed within about one hundred yards of the 'pulpit, within view of it and also within view of a part of the worshipping assembly, and perhaps not more than twenty or thirty yards from the outskirts of the congregation. That during religious service, and at other times, a crowd of young and disorderly ill-behaved persons were generally assembled around the wagon, who indulged in loud talking and laughing, and, on some occasions, in vulgar and obscene conversations, that the congregation was greatly disturbed and interrupted, during the time of service by persons going to and from the wagon, by the loud and improper conversations of the persons gathered about it, which could be heard by that part of the assembly on the side next to the wagon. Some of the witnesses also prove that they bought cakes at *69 the wagon, on the Sabbath day. The residence of said West and Anderson was some miles distant from the camp ground. And they had been in the habit for several years preceding of attending the camp meetings at Carter’s Station, and other public assemblages, for the purpose of selling ginger bread. The plaintiff in error on this, as also on former occasions, had been urged by members of the congregation to desist from coming upon the camp ground with his wagon, but he refused to do so. The foregoing is the substance of the proof.
The Act of 1833, provides, that if any persons shall sell, or offer for sale, fruits, bread, stuff, confectionaries, fermented liquors, or other articles of whatsoever kind or description, within one mile of any worshipping assembly, so as to interrupt said worshipping assembly, they shall be dealt with as rioters at common law, &e. The counsel for the plaintiff in error argues, that the offence contemplated by this Act is not the mere act of selling or offering for sale within one mile of the worshipping assembly, the articles mentioned, in the statute; that one may sell or offer to sell at any distance less than a mile from the assembly, unless it shall be made appear that his intention was to interrupt the congregation, and that his conduct, in selling or in offering to sell, irrespective of the acts of others, had the effect of interrupting or disturbing the assembly. And in this view it is said there is a failure of proof on the part of the prosecution, inasmuch as it is not directly proved that such intention existed or that any act of the plaintiff in error had such effect. If this construction were correct, it is obvious that the law would have but little meaning or effect. Conceding it for the present, however, to be so, still, we think, that in this particular case the conviction is amply supported by the evidence. The intent, if necessary to be proved, may, *70 and generally must be, inferred from the acts of the party, and the circumstances attending the case; and as men seldom do unlawful acts with innocent intentions, the law presumes every act, in itself unlawful, to have been criminally intended. From the proof in the record before us, however it can scarcely be supposed that the plaintiff in error was ignorant that he 'was violating the rules of the worshipping assembly, the provisions of the statute, and the duties of morality and religion, and it would be no less difficult to suppose that a wilful and deliberate intention to do so, did not exist. His repeated refusal to desist, when requested by members of the church, leaves no doubt upon this point. But it is said the proof shows that the disturbance of the worshipping assembly was occasioned, not by the acts of the plaintiff in error, but by the voluntary conduct of others over whom he had no control, and for whose conduct he was not responsible. It is clear that he presented the temptation to others and aided and encouraged their disorder, and that his conduct, in open violation of law, was the primary cause of the disturbance complained of. It was incumbent upon him, if he desired to carry on his traffic in the sale of bread, to have removed his wagon to such distance from the camp ground that the worshipping assembly there convened could not, by reasonable possibility have been disturbed thereby.
The jury have pretty strongly evinced their sense of the impropriety of the conduct of the plaintiff in error, but we cannot for that reason interpose to set their verdict aside. The judgment of the Circuit Court will be affirmed.